**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL T. CAREY, et al., | No. CIV S-07-2762-LKK-CMK |
| Plaintiffs, | |
| vs. | |
| STATE OF CALIFORNIA FRANCHISE TAX BOARD, et al., | |
| Defendants. | |
| _____/ | |
| MICHAEL T. CAREY, et al., | No. CIV S-07-2763-LKK-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PAUL ENJALRAN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs Michael T. Carey and Leone R. Carey, who are proceeding pro se, bring these related civil actions. Pending before the court are plaintiffs' complaints.

///

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Because plaintiffs, who are not prisoners, have been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

### I. BACKGROUND

#### A. The Current Actions

In case no. CIV-S-07-2762-LKK-CMK, plaintiffs "allege[] that Defendants imposed involuntary servitude upon them in violation of the Thirteenth Amendment to the Federal Constitution by claiming, and collecting on a fictitious debt." In case no. CIV-S-07-2763-LKK-CMK, plaintiffs similarly "allege that Defendants imposed involuntary servitude upon them in violation of the Thirteenth Amendment to the Federal Constitution by claiming, and placing upon the official public record of Shasta County, a notice of a fictitious debt owed by the Plaintiffs." In both actions, plaintiffs allege they were denied substantive due process.

In case no. CIV-S-07-2762-LKK-CMK, plaintiff set forth the following factual allegations:

1. On August 9, 2005, plaintiffs were granted a full and complete discharge in a Chapter 7 bankruptcy case;

2. The discharge was sent to defendant Enjalran by electronic transmission on that date, and no objection or appeal was filed;

3. "In disregard of the bankruptcy discharge," on June 4, 2007, defendant Enjalran sent a notice of tax lien to defendant Morgan for filing on the public record in Shasta County;

    4.    Defendant Morgan filed the notice into a "lien index" in file no. 2007-0025971 "with full knowledge of the bankruptcy discharge being of public record";

    5.    No evidence of debt was presented with the notice of tax lien and no exemption from the bankruptcy discharge was presented with the notice;

    6.    Plaintiffs have been financially injured by the "fictitious debt" imposed upon them by defendants;

    7.    Defendants' "documentation is the undeniable and irrefutable evidence" and is "their own confession of judgment"; and

    8.    Defendants' documents entitle plaintiffs to judgment.

The factual allegations in case no. CIV-S-07-2763-LKK-CMK are similar and differ only in the following respects:

    1.    Notice of the discharge was sent to the State of California Franchise Tax Board;

    2.    The discharge was recorded in the Shasta County public records in file no. 2007-0031479;

    3.    On November 7, 2007, defendant Franchise Tax Board issued an order for defendant Tri Counties Bank to withhold funds in order to "enforce payment of a fictitious amount due for California Personal Income Tax";

    4.    Defendant Tri Counties Bank "took monies from 3 different checking accounts . . ."; and

    5.    No garnishment documents were presented to defendant Tri Counties Bank.

**B.    Other Actions**

The records of the United States District Court for the Eastern District of California and the United States Bankruptcy Court for the Eastern District of California reveal that plaintiffs and persons associated with them have been parties in numerous proceedings in this district.[1]  The court hereby takes judicial notice of the following other actions: Michael

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

Carey and Leone Carey v. United States (In re Carey), Bankruptcy case no. 04-29060-B-7 (Bankr. E.D. Cal.), and of the adversary proceeding filed by the United States of America in that case: In re Carey, 326 B.R. 816 (Bankr. E.D. Cal. Apr. 25, 2005) ( case no. 04-29060-B-7, adv. 04-2548).  In addition, the undersigned takes judicial notice of the following proceedings in the district court: Robert G. Hogue, Trustee[2] v. Gil Akers, et al., case no. CIV-S-98-1539-LKK-PAN (petition to quash IRS summons dismissed Mar. 26, 1999); Michael Carey v. IRS, et al., case no. CIV-S-98-1540-LKK-PAN (petition to quash IRS summons dismissed Mar. 25, 1999); United States v. Michael Carey, case no. MISC-S-98-0289-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Robert Hogue as trustee of Rancho Residential Facility Trust, case no. MISC-S-98-0290-LKK-PAN (motion for summary enforcement of IRS summons granted Mar. 25, 1999); United States v. Robert Hogue as trustee of Residential Management Services Trust, case no. MISC-S-98-0291-LKK-PAN (petition to enforce IRS summons granted Mar. 26, 1999); United States v. Robert Hogue as trustee of Sunshine Residential Facility Trust, case no. MISC-S-98-0292-LKK-PAN (petition to enforce IRS summons granted Mar. 26, 1999); United States v. Robert Hogue as trustee of Home Health Services Trust, case no. MISC-S-98-0293-LKK-PAN (motion for summary enforcement of IRS summons granted Mar. 26, 1999); United States v. Michael Carey as grantor of Rancho Residential Facility Trust, case no. MISC-S-98-0294-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey as grantor of Home Health Services Trust, case no. MISC-S-98-0295-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey as grantor of Residential Management Services Trust, case no. MISC-S-98-0296-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey as grantor of Sunshine Residential Facility Trust, case no. MISC-S-98-0297-LKK-PAN (petition to enforce IRS summons granted Mar. 25, 1999); United States v. Michael Carey, et al., case no.

---

[2] Robert G. Hogue filed the petition in his alleged capacity as trustee of sham trusts set up by the plaintiffs.

1 CIV-S-95-2176-MCE-CMK (motion for summary judgment regarding tax liability of defendants
2 Michael Carey and Leone Carey granted July 5, 2007; appeal pending); and <u>Michael Carey and
3 Leone Carey v. Shasta County</u>, case no. CIV S-06-1265-FCD-CMK (plaintiffs' claim based on
4 recording of federal and state tax liens by county recorder dismissed Sept. 6, 2006, without
5 prejudice to seeking relief from appropriate state court or agency).

## II. DISCUSSION

8       A claim is frivolous when it lacks an arguable basis either in law or in fact. <u>See
9 Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696,
10 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege
11 "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.
12 Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). In considering whether a complaint states
13 a cognizable claim, the court accepts as true the material allegations in the complaint and
14 construes the allegations in the light most favorable to the plaintiff. <u>See Hishon v. King &
15 Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740
16 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to
17 a less stringent standard than those drafted by lawyers. <u>See Haines v. Kerner</u>, 404 U.S. 519, 520
18 (1972). However, the court is not required to accept as true conclusory allegations, unreasonable
19 inferences, or unwarranted deductions of fact. <u>See Western Mining Council v. Watt</u>, 643 F.2d
20 618, 624 (9th Cir. 1981).

21       The court finds that plaintiffs' claims are frivolous, both factually and legally, and
22 fail to state any claim upon which relief may be granted in either action. First, the court
23 previously decided in the context of the adversary proceeding brought by United States in
24 plaintiffs' bankruptcy case that plaintiffs' taxes were not discharged. This is completely
25 consistent with 11 U.S.C. § 523, which specifies that tax debts are not discharged in bankruptcy.
26 Therefore, the entire factual premise of these actions is false. The actions, therefore, are

frivolous and must be dismissed.  Given the defects of plaintiffs' claims, it is clear that granting leave to amend would be futile.  See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.  These actions be dismissed, without leave to amend and with prejudice, as frivolous; and

2.  The Clerk of the Court be directed to enter judgment in case nos. CIV-S-07-2762-LKK-CMK and CIV-S-07-2763-LKK-CMK and close these files.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2008

                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE